IN RE JUVENILE APPEAL (1983–5)*

APPELLATE SESSION OF THE SUPERIOR COURT

*In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 1092, the names of the parties involved in this appeal are not disclosed.

F. HENNESSY, J. The respondent, mother of two minor children, and the children themselves[1] have appealed from an order of the Superior Court for juvenile matters committing the children to the custody of the commissioner of the department of children and youth services (DCYS) pursuant to General Statutes § 46b-129.

The respondent had a history of psychological and emotional problems including depression, hallucinations and alcohol dependence. Her marriage to the children's father, which was dissolved in 1981, was marked by violence. During the course of her marriage, and afterwards, the respondent had difficulty controlling her two young daughters. Attempts by DCYS to improve the respondent's parenting skills proved unsuccessful. On several occasions, the respondent voluntarily placed the

---

[1] This decision addresses an appeal by the mother and a separate appeal by the children. Both appeals are from the same trial and are therefore considered together.

children in DCYS foster homes. There was a noticeable improvement in the children's attitudes and behavior while in foster care.

In February, 1982, the commissioner of DCYS brought the petitions which are the subject of this appeal. The petitions alleged that the children were neglected as defined in General Statutes § 46b-120 (ii) and (iii).[2] On March 22, 1982, DCYS applied for ex parte orders of temporary custody. The orders were granted the following day and a hearing to determine whether they should continue in effect was commenced on March 24, 1982, and continued to March 31, 1982. The court never rendered a decision on the continuation of the temporary custody orders.

The hearing on the original petitions was held shortly thereafter, and the court, on June 8, 1982, adjudicated the children to be neglected and uncared for and committed them to the custody of the commissioner of DCYS. These appeals followed.

I

In her appeal, the respondent claims that the failure of the court to render a decision as to the continuation of the temporary custody orders deprived her of her right to due process.[3] The gravamen of this claim is that General Statutes § 46b-129 (b) (2) requires that a decision be rendered within ten days of the issuance of the ex parte order. The respondent argues that had the court rendered a decision in her favor, she would have had custody at the time of trial and, therefore, stood a better chance of prevailing. In other words, since DCYS had custody of the children at the time of trial, there was a presumption that they were neglected

---

[2] One of the children was also allegedly uncared for, as that term is defined in General Statutes § 46b-120. The trial court, sua sponte, amended the other petition to include a similar allegation after the hearing.

[3] The children have also raised this claim in their appeal.

and uncared for. Thus, the burden of proof was shifted to the defendant to rebut this presumption. We find this claim to be without merit.

Initially, we disagree with the respondent's interpretation of § 46b-129 (b) (2). That statute only requires that a hearing be held within ten days of the ex parte order. Even assuming, arguendo, that a decision must be rendered within ten days as well, however, we find no presumption of neglect or that the burden was thereby shifted to the respondent.

The record presents an unfortunate series of confusing circumstances wherein counsel agreed that the testimony used at the temporary custody hearing could be used by the court in the case in chief to determine if the children were neglected or uncared for. This agreement, unfortunately, expanded the area of testimony given, to include not only the narrow issue of whether the order of temporary custody should remain in effect, but also, evidence and testimony directed toward the ultimate decision of neglect. The two decisions, therefore, became one and the court decided the issue of temporary custody at the same time it decided the case on the merits. This procedure, although designed to avoid a repetition of testimony and to economize court time, is improper because the issue of the continuation of ex parte temporary custody orders is not resolved in a timely fashion and can result in lengthy separations between parents and children.[4] The facts of this case, however, do not lead us to conclude that there was an impermissible shifting of the burden of proof, and no error is found which would require the case to be overturned.

The respondent's argument presupposes that the temporary custody dispute would be resolved in her

---

[4] Under appropriate circumstances testimony given at the temporary custody hearing could be used, if agreed to by the parties, as part of the testimony in the case in chief without recalling the witnesses.

favor. The evidence produced at the temporary custody hearing, however, amply supports the decision ultimately rendered, i.e., that it was in the best interests of the children that they be removed from the home. We cannot substitute our judgment for that of the trial court. We therefore find no error.

## II

In their appeal, the children claim first that the evidence presented did not support the finding that they were neglected or uncared for.[5] We disagree.

There was evidence that the children lived in a household where violence between the parents was not uncommon, under circumstances where the respondent could not control the children and in a situation wherein the respondent was in need of psychiatric treatment. The children evidenced need of help by demonstrating aggressive behavior, inability to sleep and mild depression. The court could reasonably conclude that the statutory criteria for finding the children neglected were met.

The next claim is that the neglect proceedings were tainted by fraud on the part of DCYS. The gravamen of this claim is that information was removed from the DCYS files before the files were given to defense counsel for inspection, and, therefore, that the respondent was unable to prepare adequately for trial. We disagree. From the record before us, it is apparent that

---

[5] Part of this claim is that one of the petitions alleged neglect only, and therefore, the court erred in amending this petition after trial to include an allegation of uncared for and, thereafter, so finding. While we believe that the court erred in doing so since the parties did not have an opportunity to defend against this allegation, we conclude that the error was harmless as to the commitment as to that child since a finding of neglect alone is sufficient to commit a child to DCYS; General Statutes § 46b-129 (d); and since the evidence amply supported the finding here that the children were neglected. The ajudication of uncared for as to that child, however, cannot stand.

the only information which was removed by DCYS was the address of the foster home where the children were residing. We fail to see how this information was essential to the preparation of the respondent's case.

The children further claim that the court erred in failing to consider counsel's recommendation that the children be returned to their mother. There is nothing in the record which supports this claim other than the fact that the court did not render judgment for the respondent. The mere fact that the court's decision does not expressly mention counsel's recommendations does not permit the inference that the court ignored them. The court is not required to comment in its decision upon every statement made by the parties or their representatives during the course of the trial.

Finally, the children claim that the court erred in concluding that their best interests required that they be committed to the custody of the commissioner of DCYS. We disagree. The court in its opinion clearly set forth the reasons why it felt the children should not be returned to either parent. The respondent was in therapy and was being helped, but the court felt more time was needed. The father had no plans to take the children. The children were showing a remarkable positive change in their behavior while in foster care. The court could reasonably conclude that the removal from their mother's custody was in their best interests.

There is error only as to the adjudication of uncared for as to one of the children, that portion of the judgment is set aside. As to the remainder of the judgment, there is no error.

In this opinion DALY and COVELLO, Js., concurred.